EL PUEBLO, DEMANDANTE Y APELADO, *v.* CARTAGENA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por acometimiento y agresión con circunstancias agravantes.

No. 1922.—Resuelto en mayo 8, 1922.

DENUNCIA SUFICIENTE.—Una denuncia es suficiente cuando está redactada en un lenguaje conciso y corriente y sigue al estatuto.

ACOMETIMIENTO Y AGRESIÓN GRAVE — DENUNCIA SUFICIENTE. — En una denuncia por acometimiento y agresión ·grave, y en donde la circunstancia agravante se refiere al inciso 1°. de la sección 6 de la ley que define el acometimiento y agresión expresándose " * * * y a sabiendas que yo era un policía uniformado en el cumplimiento de mis deberes oficiales," es requisito suficiente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este caso procede en apelación de la Corte de Distrito de Ponce. El acusado fué declarado culpable por la corte inferior, de un delito de acometimiento y agresión grave con circustancias agravantes.

La acusación en este caso es como sigue:

"Que en diciembre 24, 1921, hora 6:30 p. m., y en Ponce, calle Isabel, Est. Este, del Distrito Judicial Municipal de Ponce, P. R., el referido acusado Jesús Cartagena, ilegal, voluntaria, maliciosamente y con intención criminal, y a sabiendas que yo era un policía uniformado en el cumplimiento de mis deberes oficiales me acometió y agredió con piedra y con los puños infiriéndome un fuerte golpe sobre el pómulo del ojo izquierdo, otro sobre el ojo derecho y otro sobre la muñeca del brazo izquierdo de las que fuí curado en el Hospital Tricoche por el practicante Galileo Ramírez."

El apelante no compareció al acto de la vista ni se ha elevado exposición del caso, pero se había presentado el correspondiente alegato por el apelante, en donde se consigna como único fundamento, que la corte de distrito cometió error al declarar culpable al acusado de un delito de acometimiento y agresión grave cuando la denuncia no establece hechos que justifiquen la sentencia. Esta misma alegación había sido levantada en la corte inferior.

El acusado fué declarado culpable conforme a la sección sexta inciso 1º. de la ley que define el acometimiento y agresión grave, aprobada en 10 de marzo de 1904, que dice así:

"Sección 6.—Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos: 1. Cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus deberes, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial."

Podemos decir que la acusación está redactada en un lenguaje conciso y corriente, y en este sentido sigue al es-

tatuto. Una acusación en esta forma comprende todos los requisitos que exige la sección sexta inciso 1°. transcrita y esto es suficiente.

No se puede hacer una comparación similar o análoga entre el caso citado por el apelante *El Pueblo* v. *López,* 26 D. P. R. 81, resuelto por esta corte, y el presente caso. Por el contrario, la teoría desarrollada por esta corte en aquel caso se refería a una omisión que se había cometido, no expresándose en la acusación 'que el detective que hizo el arresto era un funcionario legal en el cumplimiento de sus deberes oficiales, y este requisito, precisamente, está con signado, usando los términos del estatuto, en la acusación del presente caso.

Se confirma la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.